IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| U.S. BANCORP EQUIPMENT FINANCE, INC., a corporation, | ) ) ) |
| Plaintiff, | ) )   Case No. CV06-197 |
| vs. | ) ) ) |
| AFKO, INC., and FRANK E. JOHNSTON, | ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF DAVID A. O'HARA

STATE OF ALABAMA           )
COUNTY OF JEFFERSON    )

Before me, the undersigned Notary Public, in and for said State and in said County, personally appeared David A. O'Hara who, first being duly sworn, deposed and said as follows:

1. My name is David A. O'Hara. I am over 21 years of age, and I have personal knowledge of the facts set forth herein. I am the litigation manager of U. S. Bancorp Equipment Finance, Inc. ("US Bancorp"), and I am authorized to execute this affidavit on its behalf and in support of U.S. Bancorp's claims in the above-styled case. This affidavit is given on the basis of my personal knowledge and review of the records of U.S. Bancorp pertaining to the indebtedness referred to herein and kept in the ordinary course of business by the office of U.S. Bancorp in Portland, Oregon.

2. U.S. Bancorp and AFKO, Inc. (AFKO) executed a Security Agreement with Firstar Bank, N.A., dated June 18, 2001 (the "Loan Agreement"), AFKO financed the purchase of the following items of equipment:

  2001 Peterbilt 379      1NP5DB9X51N559384
  2001 Miracle 7-car Trailer   1A9CS45ZX1A468049

A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.  US Bancorp has succeeded to the interest of Firstar Bank, N.A, under the Loan Agreement.

  3.  Pursuant to the Loan Agreement, AFKO took possession of the equipment and agreed to make monthly payments to U.S. Bancorp.

  4.  AFKO defaulted under the Loan Agreement by among other things, failing to make the required monthly payments. As a result, U.S. Bancorp exercised its rights under the Loan Agreement to declare all unpaid rent immediately due and payable, and to take possession of and sell the equipment in partial satisfaction of the amounts owed pursuant to the Loan Agreement.

  5.  After all due credits, AFKO is indebted to U.S. Bancorp under the terms of the Loan Agreement in the amount of $92,429.33, exclusive of attorneys' fees and other costs of collection, all of which are provided for in the Loan Agreement.

  6.  As a condition of U.S. Bancorp's extension of credit to AFKO, Frank E. Johnston ("Johnston") executed and delivered to U.S. Bancorp a Guaranty (Personal) (the "Guaranty"), dated June 18, 2001 guaranteeing payment of all debts of AFKO to U.S. Bancorp. A true and correct copy of the Guaranty is attached hereto as Exhibit B.

  7.  Pursuant to the Guaranty, Johnston guaranteed the full, prompt, absolute and unconditional payment to U.S. Bancorp of all obligations of AFKO to U.S. Bancorp, and Johnston agreed to pay all of U.S. Bancorp's costs and expenses, including attorneys' fees and legal expenses, incurred by U.S. Bancorp in connection with the enforcement of the Guaranty. Accordingly, under the terms of the Guaranty, Johnston is indebted to U.S. Bancorp in the

amount of $92,429.33, plus interest and all costs of collection, including reasonable attorneys' fees.

8. U.S. Bancorp has demanded payment by Johnston of the amounts owed by AFKO to U.S. Bancorp under the terms of the Guaranty, and Johnston has failed and refused to pay such amounts.

9. The amount now due U.S. Bancorp under the Loan Agreement and the Guaranty, exclusive of attorneys fees, is $92,429.33.

10. Accordingly, AFKO is indebted to U.S. Bancorp for $92,429.33, exclusive of attorneys fees, and Johnston is indebted to U.S. Bancorp for $92,429.33, exclusive of attorney fees.

Further affiant saith not.

_____
David A. O'Hara



Sworn and subscribed before me this 30th day of June, 2006.

_____
NOTARY PUBLIC

My Commission expires: 4-14-07