IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| U.S. BANCORP EQUIP. FINANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:06cv197-ID |
| AFKO, INC., et al., | )          [WO] |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Before the court is a verified motion for default judgment, filed by Plaintiff U.S. Bancorp Equipment Finance, Inc. ("U.S. Bancorp."). (Doc. No. 5). U.S. Bancorp, as the secured party, sues to recover amounts owed on a defaulted loan and moves for the entry of default judgment in its favor for said amounts. The loan was obtained by Defendant AFKO, Inc. ("AFKO"), and guaranteed by Defendant Frank E. Johnston ("Johnston"). Defendants have not made an appearance in this action, notwithstanding having been personally served with a copy of the summons and complaint. (See Doc. Nos. 2-4.) For the reasons to follow, the court finds that U.S. Bancorp's motion is due to be granted.

**II.  JURISDICTION AND VENUE**

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in

controversy exceeds $75,000, exclusive of interest and costs. (See Compl. ¶¶ 1-5.) The court finds adequate allegations of personal jurisdiction and venue.

### III.  PROCEDURAL HISTORY AND FACTS

U.S. Bancorp commenced the above-styled lawsuit on March 1, 2006, by filing a two-count complaint against Defendants. In Count One of the complaint, U.S. Bancorp sets out that AFKO purchased a Peterbilt 379 and a Miracle 7-car trailer, that AFKO financed the purchase through Firstar Bank, N.A., and that AFKO entered into a Loan and Security Agreement, No. 0014507, with Firstar Bank ("loan agreement"). AFKO subsequently defaulted under the loan agreement. Consequently, the equipment was repossessed and sold by U.S. Bancorp, having succeeded to the interest of Firstar Bank under the loan agreement. In Count One, U.S. Bancorp further alleges that it applied credit to the loan agreement from the sale of the equipment, but that there remains a balance owed to it by AFKO in the amount of $92,429.33, plus costs of collection, expenses and attorneys' fees. (Compl. ¶¶ 6-8 (Doc. No. 1).)

In Count Two, U.S. Bancorp asserts that, as a condition of Firstar Bank entering into the loan agreement with AFKO, Johnston executed an "absolute, unconditional, and unlimited" guaranty of the loan agreement. (Id. ¶ 10.) U.S. Bancorp, therefore, alleges that Johnston also is indebted to U.S. Bancorp in the amount of $92,429.33, plus costs of collection, expenses and attorneys' fees. (Id. ¶ 11.)

The loan agreement and guaranty are attached as exhibits to the complaint.  (See id., Exs. A-B to Compl.)  The loan agreement, namely paragraph 14, which is titled "Remedies," provides that, in the event of default, the secured party, which is U.S. Bancorp, has the right to accelerate and demand payment of the entire indebtedness and to repossess the collateral for purposes of satisfying all or part of the debt.  (See Ex. A to Compl.)  The loan agreement also provides that AFKO, as the borrower, "shall pay all costs and expenses, including attorneys' fees and court costs, incurred by Secured Party in connection with an Event of Default," and, similarly, provides that, if the secured party retains an attorney for collection of the debt, the "[b]orrower agrees to pay all attorneys' fees and collection costs incurred by Secured Party."  (Id.)  Furthermore, paragraph nine of the guaranty provides that Johnston shall be liable to Firstar Bank (and now U.S. Bancorp as the successor in interest) for the full amount AFKO is required to repay, "plus any costs and expenses (including attorneys' fees)" incurred by U.S. Bancorp.  (See Ex. B to Compl.)

On March 7, 2006, U.S. Bancorp personally served Defendants with a copy of the summons and complaint.  (See Doc. Nos. 2-4.)  Defendants' deadline for filing an answer has long passed, yet to date Defendants have failed to answer or otherwise make an appearance in this lawsuit.

Subsequently, on October 24, 2006, upon U.S. Bancorp's motion which was supported by affidavit, the clerk entered default against AFKO and Johnston based upon said Defendants' failure to answer or otherwise defend this action.  Having obtained an

entry of default from the clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, U.S. Bancorp has invoked Rule 55(b)(2), requesting the court to enter judgment by default against each Defendant in the amount of $92,429.33, plus reasonable attorneys' fees, expenses and costs.

U.S. Bancorp's motion for default judgment is "verified" by U.S. Bancorp's counsel of record, C. Ellis Brazeal III ("Brazeal"), Esquire, of Walston, Wells & Birchall, LLP. (See Doc. No. 5.) Among other things, Brazeal attests therein that neither AFKO nor Johnston is a minor, is incompetent or is unavailable due to circumstances such as service in the U.S. military. (Doc. No. 5 ¶¶ 4-5.)

In support of its motion for default judgment, U.S. Bancorp also has submitted two affidavits. In the affidavit of David A. O'Hara ("O'Hara"), who is the litigation manager for U.S. Bancorp, O'Hara attests that AFKO is indebted to U.S. Bancorp in the amount of $92,429.33 and that Johnston also is indebted to U.S. Bancorp in the same amount as the guarantor of the loan agreement. (O'Hara Aff. (Ex. to Doc. No. 5).)

O'Hara's affidavit sets out, as alleged in Count One of the complaint, that AFKO executed the loan agreement at issue with Firstar Bank, that AFKO financed the purchase of two pieces of equipment, as previously described, and that thereafter U.S. Bancorp succeeded to the interest of Firstar Bank, N.A., under the loan agreement. (See id. at 1-2.) O'Hara further confirms that AFKO defaulted under the loan agreement, by among other things, failing to make the required monthly payment. As a result, exercising its rights under the loan agreement, U.S. Bancorp declared the loan in default,

accelerated all amounts due, and took possession of and sold the equipment in partial satisfaction of the amounts owed. O'Hara attests that, after all due credits, AFKO remains indebted to U.S. Bancorp under the terms of the loan agreement in the amount of $92,429.33, exclusive of attorneys' fees and other costs of collection.

Moreover, as set out in Count Two of the complaint, O'Hara attests that, as a condition of U.S. Bancorp's extension of credit to AFKO, Johnston executed and delivered to U.S. Bancorp a personal guaranty. (See Ex. B to Compl.); (O'Hara Aff. ¶ 6.) Pursuant to the guaranty, Johnston absolutely and unconditionally guaranteed the full amount of AFKO's debt to U.S. Bancorp, plus all attorneys' fees, costs and expenses incurred by U.S. Bancorp in connection with the enforcement of the guaranty and collection of the debt. (O'Hara Aff. ¶ 7.) Accordingly, under the terms of the guaranty, O'Hara attests that Johnston is indebted to U.S. Bancorp in the amount of $92,429.33, plus all costs of collection, including reasonable attorneys' fees. (Id. ¶¶ 7, 9-10.) Although U.S. Bancorp has invoked the terms of the guaranty and has demanded payment from Johnston of the amounts owed by AFKO to U.S. Bancorp, Johnston has failed and refused to pay such amounts. (Id. ¶ 8.)

Brazeal, who attests that U.S. Bancorp is represented by attorneys in his firm, also has submitted an affidavit. (Brazeal Aff. ¶¶ 1, 2 (Doc. No. 7).) Therein, as discussed later in this opinion, Brazeal enumerates the amount of attorneys' fees, expenses and costs incurred in connection with the collection of the debt owed by Defendants to U.S. Bancorp. (Id. ¶¶ 1, 3-4.)

## IV.  STANDARD OF REVIEW

A defendant, who has been properly served, is required to respond to a complaint within twenty days of the date of service, see Fed. R. Civ. P. 12(a), or risk entry of default against it pursuant to Rule 55 of the Federal Rules of Civil Procedure.  There are two steps to obtaining judgment by default:  the entry of default and the subsequent entry of judgment by default.  See Fed. R. Civ. P. 55(a) & (b).

As provided in Rule 55(a), the clerk may enter a party's default with regard to a claim for affirmative relief where the elements of default are shown by an affidavit or other competent proof.  See Fed. R. Civ. P. 55(a).  In this case, the clerk has entered default against Defendants, and U.S. Bancorp has moved the court to enter judgment by default for the total amount of the debt owed, plus attorneys' fees and costs, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  As provided in Rule 55(b)(2), where the amount sought is not for a "sum certain or for a sum which can by computation be made certain," the party which is "entitled to a judgment by default shall apply to the court therefor" and

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2). Here, the court finds that "all essential evidence is already of record," S.E.C. v. Smyth, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005), and that, therefore, a hearing is not required.

A default judgment may not be entered by the court solely on the basis of the clerk's entry of default. Rather, the allegations in the complaint must present a "sufficient basis" to support the default judgment on the issue of liability. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A sufficient basis exists where the "well pleaded" allegations support the causes of action alleged. Id. Allegations which are "well pleaded," except those pertaining to the amount of damages, are taken as true the same as if they had been proven by evidence, and a defendant cannot later seek to contradict those allegations. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir. 1990). Therefore, although liability may be established without proof based upon the well-pleaded allegations of the complaint, the measure of damages must be proved. See id.; see also DIRECTV, Inc. v. Huynh, 318 F. Supp.2d 1122, 1127 (M.D. Ala. 2004).

### V.  DISCUSSION

The record establishes that U.S. Bancorp effectuated service of process on Defendants by personal service (Doc. Nos. 3-4), that Defendants failed to answer or otherwise defend this lawsuit within the required time, see Fed. R. Civ. P. 12(a), and that the clerk entered Defendants' default, see Fed. R. Civ. P. 55(a). (Doc. No. 9.) Further-

more, the record establishes that, although notice of the instant motion for default judgment is not required pursuant to Rule 55(b)(2), U.S. Bancorp served Defendants with notice of said motion on July 12, 2006, "by placing same in the United States mail, properly addressed and postage prepaid." (Doc. No. 5 at 5.) The court, therefore, is satisfied that Defendants had sufficient notice of the complaint and of the instant motion for default judgment, but have chosen not to respond.

Having carefully reviewed the complaint, the court finds that the "well pleaded" allegations demonstrate a "sufficient basis" for finding, as alleged in Counts One and Two of the complaint, that AFKO defaulted on the loan agreement, which was guaranteed by Johnston, and that Defendants have failed to repay the debt owed to U.S. Bancorp. Nishimatsu Const. Co., Ltd., 515 F.2d at 1206. Accordingly, the court treats the allegations as to liability in the complaint as true and admitted by Defendants.

Having determined that U.S. Bancorp is entitled to judgment by default on Counts One and Two as to liability, the court must ascertain the amount of damages to award.[1] The court finds that U.S. Bancorp has established by O'Hara's affidavit, who is the litigation manager for U.S. Bancorp, that AFKO is indebted to U.S. Bancorp in the

---

[1] The court notes that Rule 54(c) of the Federal Rules of Civil Procedure provides that the party requesting the default judgment may not seek a judgment in excess of the relief demanded in the complaint. See Fed. R. Civ. P. 54(c). The relief U.S. Bancorp seeks is not different in kind and does not exceed in amount that prayed for in the complaint.

8

amount of $92,429.33, and that Johnston also is indebted to U.S. Bancorp in the amount of $92,429.33. (O'Hara Aff. (Ex. to Doc. No. 5).)

Furthermore, the court finds that Brazeal's affidavit provides sufficient evidence of the attorneys' fees, expenses and costs incurred by U.S. Bancorp in connection with this litigation and the collection of the debt at issue. Brazeal attests that his firm's attorneys have expended a total of 32.90 hours of professional services in connection with the collection of the debt owed by Defendants. These services include the following: an examination of relevant documents; discussions and correspondence with representatives of U.S. Bancorp; the representation of U.S. Bancorp in the prior bankruptcy case involving AFKO; preparation of the complaint and other documents filed in this lawsuit; and discussions and correspondence with the attorney for Defendants in negotiations prior to filing the motion for entry of default and default judgment. (Id. ¶¶ 3-4.) Brazeal attests that "these services were necessary and authorized" and that, "based on [his] review of the firm's time records in this case, and considering all of the factors set out in the Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974)," he believes that "a reasonable attorneys' fee for the professional services rendered in this case and the prior bankruptcy case would be $4,319.50." (Id. ¶ 4.) The court concurs.

The court finds that the services and time rendered were reasonable, necessary and authorized by the loan agreement and guaranty. Additionally, the court finds that the requested fee of $4,319.50, which equates to an average hourly rate of $131.29, is reasonable. Moreover, the court finds that Brazeal's affidavit establishes that U.S.

9

Bancorp has incurred reasonable expenses and costs in the amount of $910.93 in this matter. The court finds that these expenses and costs are reimbursable pursuant to the loan agreement and the guaranty. The court, therefore, finds that U.S. Bancorp is entitled to judgment by default against AFKO and Johnston in the foregoing amounts.

## VI.  ORDER

Accordingly, it is CONSIDERED and ORDERED that Plaintiff U.S. Bancorp Equipment Finance, Inc.'s verified motion for default judgment be and the same is hereby GRANTED and that, pursuant to the loan agreement and guaranty at issue, U.S. Bancorp HAVE and RECOVER from Defendant AFKO, Inc., $97,659.76, said amount which includes reasonable attorneys' fees, expenses and costs as calculated herein, and that U.S. Bancorp HAVE and RECOVER from Defendant Frank E. Johnston $97,659.76, said amount which includes reasonable attorneys' fees, expenses and costs as calculated herein. A separate judgment shall be entered contemporaneously herewith.

DONE this 16th day of November, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE